UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RHONDA GIMBEL

                                  Plaintiff,

          -against-                                     **COMPLAINT**

AMERICAN EXPRESS;
AMERICAN EXPRESS NATIONAL BANK

                                  Defendants
------------------------------------------------------------------X

Plaintiff as and for her complaint against the defendants alleges as follows:

## NATURE OF THE ACTION

1. This action is brought to recover damages pursuant to the provisions of 15 U.S.C. § 1693 et seq. and other applicable law and regulations thereunder.

2. Funds on deposit with the defendants in plaintiff's personal savings account were fraudulently withdrawn and transferred from her account by parties and to accounts unknown.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and § 1337.

## VENUE

4. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff is a natural person and a resident of the State of Maryland with address

10533 Prairie Landing Terrace Potomac Maryland..

6.Plaintiff qualifies as a "consumer" within the meaning of the EFTA. See 15 U.S.C. § 1693a(6).

7.Defendants each qualify as a "financial institution" within the meaning of the EFTA, 15 U.S.C. §1693a(9).

8.The plaintiff's personal savings account qualifies as an "account" within the meaning of the EFTA, 15 U.S.C. § 1693a(2).

9.The below described fraudulent activities qualify as "unauthorized electronic fund transfers" within the meaning of the EFTA, 15 U.S.C. § 1693a(12).

10.Defendant AMERICAN EXPRESS is a corporation headquartered in New York with address 200 Vesey Street New York New York and is duly authorized and qualified to do business in the State of New York and qualifies as a "financial institution" within the meaning of the EFTA. See 15 U.S.C. § 1693a(9).

11.Defendant AMERICAN EXPRESS NATIONAL BANK is a corporation with its main office at address 115 West Towne Ridge Parkway, Sandy, UT 84070 and is duly authorized and qualified to do business in the State of New York and qualifies as a "financial institution" within the meaning of the EFTA. See 15 U.S.C. § 1693a(9).

12.Plaintiff opened a personal savings account with the defendants in March 2021 depositing the sum of $50,000.00.

13.Month after month that sum remained on account and grew with interest earned and deposited.

14. At no time did she ever withdraw a single penny from that account and at no time did she ever make any further deposits into that account.

15. On and prior to August 27, 2024 a series of fraudulent withdrawals were made from the plaintiffs personal savings account without her consent or knowledge.

16. The total amount of these fraudulent withdrawals were substantial.

17. The transfers out of the plaintiff's personal savings account were made by parties and to accounts unknown to the plaintiff.

18. On August 27, 2024, the plaintiff informed the defendants by telephone that these transfers were made and that they were made without her consent or knowledge and that they were, in fact, fraudulently committed. But, before even talking to her, defendants required that plaintiff go through a process to "verify" she was who she said she was. As a result of that call, plaintiff was assigned certain "case numbers" and a "reference number" to identify her complaint. The next day, plaintiff called once again to find out the status of her complaint and was once again she was required to go through a process to "verify" she was who she said she was.

19. Plaintiff had not received any prior notice that any transaction was requested and, upon information and belief, no true effort had been made to "verify" who made such fraudulent requests.

20. Plaintiff was advised when reporting those fraudulent transfers that she would receive a "provisional credit" within 10 days which would refund and return and deposit into her account the sums withdrawn.

21. Defendants failed to provide that "provisional credit" within that time or ever.

22. Instead, defendants issued letters dated September 11, 2024 to the plaintiff informing her that defendants had concluded their investigation and that they were not restoring to her account, provisionally or otherwise, the funds fraudulently withdrawn.

23. Defendants stated that in making that decisions they were relying on certain "documentation." and advised plaintiff that a request could be made for that documentation to be made available.

24. Plaintiff, having now retained the services of an attorney, had her counsel make such a request and asked for such documentation.

25. Defendants have failed to provide that documentation as requested.

26. Plaintiff, through her attorney, issued a letter to the defendants and to the Controller of the Currency stating a summary of the events and complaining about the defendants' failure to restore to the plaintiff the sums fraudulently withdrawn and demanding the return of her funds.

27. Only after receiving that letter did the defendants restore to the plaintiff her funds with interest.

28. Defendants never investigated Plaintiff's disputes and only refunded her money after they received communication from plaintiff's attorney advising that a lawsuit would result if the funds were not returned.

29. Defendants both failed to conduct a good faith investigation into the alleged errors committed with respect to the fraudulent withdrawal and failed to have any reasonable

basis for believing that plaintiff's account was not in error and that renders defendants liable to plaintiff for treble damages, pursuant to 15 U.S.C. § 1693f(e)(1).

30.     In addition, defendants knowingly and willfully concluded that the withdrawals from plaintiff's account was not in error even though such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation. making defendant liable to plaintiff for treble damages, pursuant to 15 U.S.C. § 1693f(e)(2).

31.     Accordingly, defendants' unlawful conduct, in violation of the EFTA and its regulatory counterparts, has caused plaintiff to suffer actual damages and serious financial and pecuniary harm arising from monetary losses relating from the unauthorized electronic transfers from plaintiff's account, as well as out-of-pocket expenses as well as economic damages and damage to reputation, in addition to emotional distress, expenditure of time and resources and attorneys fees, annoyance, aggravation, and frustration.

32.     At all times pertinent hereto, the conduct of defendants as well as that of their respective its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the plaintiff herein.

33.     Defendants violated 15 U.S.C. § 1693 et seq., including but no limited to the following acts or omissions:

    a. failing to perform a good faith investigation into the plaintiff's dispute and in failing to provide plaintiff with the results of the investigations within ten business

days, in violation of 15 U.S.C. § 1693f(a);

  b. failing to correct the account errors created by the unauthorized electronic transfers from plaintiff's account, in violation of 15 U.S.C. § 1693f(b);

  c. failing to deliver or mail to Plaintiff or her attorney—within three business days following the conclusion of its investigation pursuant to 15 U.S.C. §§ 1693f(a) or (c)—an explanation of its findings, pursuant to 15 U.S.C. §§ 1693f(d);

  d. failing to deliver or mail to plaintiff or her attorney reproductions of all documents which defendants or their personnel allegedly relied upon to conclude that such errors did not occur, as required by 15 U.S.C. § 1693f(d);

  e. failing to give plaintiff or her attorney notice of her right to request reproductions with the explanations of its findings, as required by 15 U.S.C. § 1693f(d);

  f. making and processing, permitting, continuing to make and process electronic funds transfers to and from plaintiff's account without authorization, in violation of 15 U.S.C. § 1693g(a);

  g. unlawfully, recklessly, negligently, and/or willfully denying plaintiff the protections set forth in Regulation E including, but not limited to, the limitations on consumer liability set forth in 12 C.F.R. § 205.6.

34. The conduct and omissions of defendants was a direct and proximate cause, as well a substantial factor, in bringing about the injuries, damages and harm to the plaintiff that are outlined more full above.

35. Accordingly, defendants are liable to the plaintiff for actual and statutory damages,

along with the plaintiff's reasonable attorney's fees and litigation costs incurred as a result of defendants' EFTA violations, as well as such further relief as may be permitted by law, pursuant to 15 U.S.C. §1693m(a). Moreover, plaintiff is further entitled to treble damages pursuant to 15 U.S.C. §1693f(e), in an amount to be determined by the trier of fact.

WHEREFORE, plaintiff prays for the Court to enter judgment against defendants jointly and severally awarding the following relief:

A. Actual damages in amount to be proven at trial, pursuant to 15 U.S.C. § 1693m(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1693m(a)(2);

C. The costs and disbursements of this action, including interest and plaintiff's reasonable attorney's fees incurred in pursuing this action, pursuant to 15 U.S.C. § 1693m(a)(3);

D. Treble damages, pursuant to 15 U.S.C. § 1693f(e), in an amount to be determined at trial in accordance with 15 U.S.C. § 1693m(b); and

E. Such other and further relief as this Court may deem just and proper.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION

Dated: Kew Gardens
November 2, 2024

_____
JONATHAN SILVER ESQ.
Attorney for Plaintiff
125-10 Queens Blvd Suite 311
Kew Gardens, New York 11415
(718) 520 1010