UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RHONDA GIMBEL,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br>AMERICAN EXPRESS, et al.,<br><br>　　　　　　　Defendant. | 24cv08371 (CM) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

　　　　This matter was referred to me for general pretrial supervision. (ECF 18.) Before the Court is Defendant's request for a stay of discovery (ECF 31, 32) pending a decision on its motion to compel arbitration (ECF 27). The application for a stay of discovery pending a decision on the motion to compel arbitration falls within the scope of a referral for general pretrial supervision, although as I discuss below, I do not believe that I have authority to stay discovery in this case. Nor would I be inclined to do so even if I had the authority. Defendant's application for a stay of discovery is DENIED.

　　　　Plaintiff filed suit on November 2, 2024, alleging violations of the Electronic Fund Transfers Act. (ECF 1.) The parties stipulated that Defendant would have until December 27, 2024 to respond to the complaint. (ECF 7.) Defendant filed its answer. (ECF 9, 10.) The Court's civil case management plan required initial disclosures to be exchanged by April 22, 2025 and provides that all discovery shall be completed by July 1, 2025. (ECF 12.) On May 6, 2025, I held a discovery conference to address Plaintiff's contention that Defendant had failed to respond to her discovery demands or to comply with its initial disclosure obligations (ECF 17). Following the conference, I ordered Defendant, among other actions, to: 1) by May 14, 2025, either a)

produce to Plaintiff all account-related documents or b) send a letter to Plaintiff's counsel stating that such documents could not be located; and 2) identify by May 23, 2025 the person most knowledgeable about Plaintiff's claims. (ECF 20.)

I held a second discovery conference on June 6, 2025 to address Plaintiff's contention that Defendant had failed to comply with my discovery order (ECF 20), in that Defendant had not produced all her account-related documents or indicated that the documents could not be located and had not identified the person most knowledgeable about her claims (ECF 24). I admonished counsel for Defendant that her failure to comply with my discovery order was inappropriate, and I ordered her to provide the requested discovery by June 13, 2025. (ECF 26.) At the conference, Defendant's counsel mentioned her intention to move to compel arbitration, and Plaintiff's counsel asked that he be permitted sufficient time to respond to any such motion after his return from a vacation scheduled to begin that evening. I said that Plaintiff's counsel would have the time he needed to respond. I also explained that Defendant should not expect discovery to be stayed merely by the filing of a motion to compel arbitration: I was clear that until and unless there was a grant of a motion to stay discovery, discovery would continue as scheduled.

Defendant filed its motion to compel arbitration and stay this action (ECF 27) later that evening. I gave Defendant until July 1, 2025 to oppose. (ECF 30.) On June 13, 2025, the date by which Defendant was ordered to comply with my discovery order (ECF 26), Defendant filed a letter seeking a stay of discovery (ECF 32). I am not authorized to extend the discovery schedule put in place by Judge McMahon, which I interpret to mean that I may not stay discovery. (ECF 12.) Even if I were permitted to stay discovery, I would not be inclined to do so before Plaintiff

has a chance to weigh in on whether the motion to compel arbitration and the application to stay discovery should be granted. While Defendant cites caselaw suggesting that a stay of discovery should be put in place as soon as a party files a motion to compel arbitration, I would not see a reason to grant a stay before hearing from the party opposing the stay. This view is reinforced by Defendant's timing – it could have moved to compel arbitration at any time after this suit was brought over seven months ago; indeed, Defendant lists mandatory arbitration as its first affirmative defense in its answer (ECF 12). Instead of moving to compel arbitration after answering, Defendant sat on its hands and also failed to respond to Plaintiff's discovery requests, leading to Plaintiff's request for a discovery conference (ECF 17) and my order compelling Defendant to provide discovery to Plaintiff (ECF 20). Defendant then failed to comply with my discovery order (ECF 20), leading Plaintiff to file another request for a discovery conference (ECF 24) and causing me to issue a second order directing Defendant to provide Plaintiff with certain discovery by June 13, 2025 (ECF 26). I do not know whether Defendant has complied with my directive to provide the specified discovery by June 13, 2025, since Plaintiff's counsel is on vacation and has not written to complain of any noncompliance.

In the event that Defendant has not complied with my prior discovery order (ECF 26), Defendant's time to do so is extended nunc pro tunc until **June 21, 2025**.

DATED: June 18, 2025
        New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge